IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kelly Brunarski, et al., | : | |
| Plaintiffs, | : | Case No. 1:16-cv-0311 |
| vs. | : | Judge Sandra W. Beckwith |
| Miami University, | : | |
| Defendant. | : | |

## DEFENDANT MIAMI UNIVERSITY'S MOTION TO DISMISS COUNTS II, III AND IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT

Now comes Defendant Miami University (hereinafter "Defendant"), by and through counsel, and pursuant to Civ. R. 12(b)(1), respectfully moves this Honorable Court to dismiss Count II (violation of R.C. § 4111.17), Count III (violation of R.C. § 4112.02) and Count IV (retaliation) set forth in Plaintiffs' First Amended Complaint. Basis for this Motion is more fully explained in the attached and incorporated Memorandum in Support.

Respectfully submitted,

/s/ Christina L. Corl
Christina L. Corl (0067869)
Plunkett Cooney
300 East Broad St., Suite 590
Columbus, OH 43215
Tel: (614) 629-3018
Fax: (614) 629.3019
Email: CCorl@plunkettcooney.com
*Attorney for Defendant, Miami University*

1

## **MEMORANDUM IN SUPPORT**

### I. Introduction

Plaintiffs Kelly Brunarski and Yvette Harman commenced this action on February 15, 2016 against Miami University alleging violations of 29 U.S.C. § 206(d)(1), R.C. § 4111.17, R.C. § 4112.02 and retaliation and filed a First Amended Complaint on March 24, 2016 alleging identical claims against Miami University. As will be more fully detailed below, Plaintiffs' claims premised upon alleged violations of R.C. § 4111.17 and R.C. § 4112.02 and Plaintiffs claim that the University retaliated against them must be dismissed because Plaintiffs cannot pursue these claims in Federal Court.

### II. Relevant Plead Facts

Plaintiffs Brunarski and Harman, while highlighting their numerous accolades, professional publications and academic achievements as tenured professors, generally allege that Miami University has systematically paid male colleagues higher salaries. *See Am. Complaint, ¶3-17.* Plaintiffs allege that they complained about the perceived gender discrimination within their department and to multiple University representatives. *See Am. Complaint, ¶20-22, 36-37.* In response to their complaints, Plaintiffs generally allege that Miami University retaliated against them, although the Complaint does not specify what/how the University retaliated against them, does not specify, although it must be assumed,[1]

---
[1] There is no known common-law claim of retaliation.

2

that the retaliation claim is brought under Title VII of the Civil Rights Act of 1964 and does not allege that Plaintiffs filed a charge with the EEOC. *See Am. Complaint,* *¶¶48-52.* Having not received what Plaintiffs considered to be an adequate response to their complaints about pay discrepancies and gender discrimination, Plaintiffs Brunarski and Harman commenced this action seeking redress under 29 U.S.C. § 206(d)(1), R.C. § 4111.17 and R.C. § 4112.02, along with claim that the University is liable under a theory of retaliation. *See generally Am. Complaint.*

### III. Law & Argument

**A.      Standards of Review; Motion to Dismiss.**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed.R.Civ.P. 12(b)(1). Generally, Fed.R.Civ.P.12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack challenges the sufficiency of the pleading itself. In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. See *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D.Ohio.1997). If a Defendant facially attacks subject matter jurisdiction, the Court must accept the Plaintiff' material allegations as true. *Ritchie*, 15 F.3d at 598. Plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th

Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

### B. Plaintiffs' Claims Under R.C. § 4111.17 and R.C. § 4112.02 and Plaintiffs' Claim of Retaliation Must be Dismissed.

#### 1. Miami University Cannot be Sued in Federal Court for Alleged Violations of State Law.

Counts II, III and IV of Plaintiffs' First Amended Complaint must be dismissed. For purposes of this section, Defendant assumes that Count IV, Plaintiffs' "retaliation" claim, is brought pursuant to the statutory or common law of the State of Ohio.

It is well-established that the Eleventh Amendment deprives federal courts of the power to entertain suits on claims against the State of Ohio for alleged violations of state law regardless of the relief sought. *McCormick v. Miami University*, 1:10-cv-345, 2011 WL 1740018 (S.D. Ohio May 5, 2011); citing *Dendinger v. Ohio*, 207 F. App'x 521, 529 (6th Cir.2006) ("[T]he Eleventh Amendment deprives the federal courts of the power to entertain suits on claims such as [those arising under Ohio Revised Code § 4112.02]."); *Bialczak v. State,* No. 99–3841, 2000 WL 1888789, at *2 (6th Cir. Dec.22, 2000) ("Ohio Revised Code § 4112.99 authorizes suit against the State of Ohio as an employer in its Court of Claims, but the statute does not waive the State's Eleventh Amendment immunity from suit in federal court."); *Robertson v. Rosol,* Nos. 2:06–cv–1087, 2:06–cv–1088, 2007 WL 2123764, at *4 (S.D.Ohio July 20, 2007) ("It is a clear point of law that the State of Ohio has not consented to suit in

4

federal court by enacting Ohio Rev.Code § 4112 *et seq.*" ); *Henry,* 162 F.Supp.2d at 803 ("[T]he State of Ohio and its departments have not consented to be sued in federal court under [Ohio Revised Code § ] 4112."); *Stein v. Kent State University Bd. of Trustees,* 994 F.Supp. 898, 902–03 (N.D.Ohio 1998) ("Enactment by the Ohio legislature of § 4112.01 *et seq.,* the anti-discrimination statute, did not explicitly abrogate the state's Eleventh Amendment immunity from suit in federal court. It simply authorized suit of the state as employer in a court of competent jurisdiction, which in Ohio is limited to the Court of Claims."); *Mackey v. Cleveland State Univ.,* 837 F.Supp. 1396, 1403 (N.D.Ohio 1993) ("[Section] 4112.01 *et seq* .... did not explicitly abrogate the state's Eleventh Amendment immunity from suit in federal court.").

*McCormick* and the cases cited therein are on all-fours with the matter sub judice. In *McCormick*, like this action, Plaintiff Regina McCormick filed suit against Miami University and three members of the faculty alleging, in part, violations of R.C. §4112.99 and common law claims of breach of contract and breach of policy practice and procedure. In summarily dismissing the claims against the University, the District Court for the Southern District of Ohio expressly noted that because Miami University is considered an arm of the state, the Eleventh Amendment precluded Ms. McCormick from directly suing the University in federal court in connection with her state law claims. *McCormick*, citing *Adamow*, No. C-1-05-104, 2007 WL 2886345, at *9; *Turker v. Ohio Dep't of Rehab. and Corr.,* 157 F.3d 453, 457

5

(6th Cir.1998) ("[A] federal court cannot entertain a lawsuit against state officials for violations of state law unless the state has waived its immunity under the Eleventh Amendment."); see *Franklin v. Miami University*, 1:03-cv-00011. 2005 WL 2397703 (S.D. Ohio Sep. 28, 2005)(R.C. § 3345.011 defines "state university" as a public institution of higher education which is a body politic and corporate, and explicitly includes Miami University among public universities in Ohio.)

Plaintiffs' claims under R.C. § 4111.17 and R.C. § 4112.02, along with claim that the University is liable under a theory of retaliation, must be dismissed.

### 2. Plaintiffs Cannot Maintain a Retaliation Claim Without Exhausting Administrative Remedies.

To the extent that Count IV ("retaliation") of Plaintiffs' First Amended Complaint may be considered an attempt to state a retaliation claim under Title VII, it must be dismissed because Plaintiffs do not allege or otherwise establish the exhaustion of administrative remedies.

The defense of failure to exhaust administrative remedies may appropriately be resolved by motion to dismiss under Rule 12(b). *See Youseff v. Ford Motor Co., Inc.*, 2000 WL 799314 at *3, n. 3 (6th Cir. 2000); *Coleman v. Ohio State Univ. Med. Center*, 2011 WL 3273531, *8 (S.D.Ohio) (dismissing Title VII claim for failure to exhaust); *Zubovich v. Wal–Mart Stores East, Inc.*, 2010 WL 1742117, *3 (N.D.Ohio) (same).

Administrative exhaustion is a condition precedent to filing Title VII claims in federal court for retaliation. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392, 102

6

S.Ct. 1127, 71 L.Ed.2d 234 (1982). As such, before bringing a Title VII claim in federal court, a litigant must raise the claim in a . . . charge filed with the EEOC. *Hollimon v. Shelby County*, 2009 WL 1119282, *3 (6th Cir. 2009); *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir.2001). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b); *see also Hoover v. Timken Co.*, 30 Fed. Appx. 511 (6th Cir.2002) (stating that, "a plaintiff must file an EEOC charge within 180 days of the alleged discrimination (or with the state agency within 300 days)" and the "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of an . . . action."); see *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992).

In this case, Plaintiffs Brunarksi and Harman, although claiming to have informally attempted to resolve their complaints with the University's EEO officer, do not allege or otherwise establish that they exhausted the statutorily required conditions precedent. As such, Count IV of Plaintiffs' First Amended Complaint must be dismissed.

**WHEREFORE**, Miami University, pursuant to Civ. R. 12(B)(1), respectfully requests that Counts II, III and IV of Plaintiffs' First Amended Complaint be dismissed with prejudice.

Respectfully submitted,

/s/ Christina L. Corl
Christina L. Corl (0067869)
Plunkett Cooney

>300 East Broad St., Suite 590
>Columbus, OH 43215
>Tel: (614) 629-3018
>Fax: (614) 629.3019
>Email: CCorl@plunkettcooney.com
>*Attorney for Defendant, Miami University*

## CERTIFICATE OF SERVICE

I hereby certify that on this **14th day of April, 2016**, I filed the foregoing with the Clerk of Court by via the Court's electronic filing system. All parties shall also be notified and receive service via electronic mail, through the Court's ECF system.

>/s/ Christina L. Corl
>Christina L. Corl (0067869)
>Plunkett Cooney

Open.25577.60629.16796543-1

8