IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kelly Brunarski | Case No. 1:16-CV-0311 |
| and | Judge Sandra W. Beckwith |
| Yvette Harman | |
| Plaintiffs | |
| vs. | |
| Miami University | **SECOND AMENDED COMPLAINT WITH JURY DEMAND** |
| Defendant | |

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this matter as a federal question under 28 U.S.C. 1331, because the Complaint raises a claim under the Federal Equal Pay Act, codified at 29 U.S.C. 206(d)(1) et. seq.. The state law claims outlined in the First Amended Complaint, given Miami's decision to assert its Eleventh Amendment rights, are being moved to state Court.

2.  Venue is proper in this Court as the incidents giving rise to the claim occurred in Butler County, Ohio, within the territorial jurisdiction of this Court to hear. The Court has personal jurisdiction over the Defendant as it is headquartered in Butler County, Ohio.

## PARTIES

3.  Plaintiff Kelly Brunarski is a female tenured professor at Defendant Miami University, serving in the School of Business, and the Finance Department, and is a citizen of the United States and of the state of Ohio, residing at the address listed in the caption of the original complaint.

4.  Yvette Harman is a female tenured professor at Defendant Miami University, serving in

1

the School of Business, and the Finance Department, and is a citizen of the United States and of the state of Ohio, residing at the address listed in the caption of the original complaint.

5. Miami University, Defendant, is a public institution of higher learning under the state of Ohio, whose headquarters are located at 501 E High St, Oxford, OH 45056, and is the employer of Plaintiffs Kelly Brunarski and Yvette Harman.

6. Since her employment in 1999, Professor Brunarski has done an exemplary job as a tenured professor in the School of Business at Defendant Miami University, garnering numerous accolades and mention of her academic achievement. She is popular with students and does an excellent job on behalf of the University.

7. Since her employment in 2000, Professor Harman has done an exemplary job as a tenured professor in the School of Business at Defendant Miami University, garnering numerous accolades and mention of her academic achievement. She is popular with students and does an excellent job on behalf of the University.

## FACTS

### DISPARATE PAY OF PLAINTIFFS AND MALE COMPARATORS

8. Dr. Kelly Brunarski was hired by Defendant Miami University as an Associate in 1999 and tenured in 2006. According to a recognized source of top tier publications in Finance journal rankings, she has had three publications in "A" ranked journals and two publications in "A-" journals, and a total of six publications since tenure. As of 10-27-15, she had 765 citations on Google Scholar, including 363 citations since 2010. She also had 153 Thomson-Reuters (SSCI) expanded citations.

9. Additionally, she has been selected by outside agencies for important honors, such as the Higher Education Mentorship Initiative (sponsored by the University of Cincinnati).

10. Dr. Brunarski received the following pay for the years 2013, 2014, and 2015, respectively: $160,500.00, $165,700.00; and $172,500.00.

11. Dr. Yvette Harman was hired by Defendant Miami University as an Assistant in 2000 and tenured as an Associate in 2006. According to a recognized source of top tier publications in Finance journal rankings, she has had one publication in an "A" ranked journal and two publications in "A-" journals, and a total of seven publications since tenure. As of 10-27-15, she had 316 citations on Google Scholar, including 193 citations since 2010. She also had 48 Thomson-Reuters (SSCI) expanded citations.

12. Additionally, she has been selected by outside agencies for important honors, such as the External Tenure and Promotion Review Committee (University of New Hampshire).

13. Dr. Yvette Harman received the following pay for the years 2013, 2014, and 2015, respectively: $163,447.00; $168,647.00; and $176,238.00.

14. The first comparator, Dr. David Shrider, a male, was hired by Defendant Miami University in 2004, and tenured in 2010. According to a recognized source of top tier publications in Finance journal rankings, he has had one publication in an "A" ranked journal and zero publications in "A-" journals, and a total of four publications since tenure. As of 10-27-15, he had 149 citations on Google Scholar, including 117 citations since 2010. He also had 40 Thomson-Reuters (SSCI) expanded citations.

15. Dr. Shrider received the following pay for the years 2013, 2014, and 2015, respectively: $184,015.00; $191,015.00; and $197,701.00.

16. The second comparator, Dr. David Nixon, a male, was hired by Defendant Miami University in 2004, and tenured in 2007. According to a recognized source of top tier publications in Finance journal rankings, he has had zero publication in an "A" ranked journal and zero

publications in "A-" journals, and a total of four publications since tenure. As of 10-27-15, he had 144 citations on Google Scholar, including 71 citations since 2010.  He also had 11 Thomson-Reuters (SSCI) expanded citations.

17.  Dr.  Nixon received the following pay for the years 2013, 2014, and 2015, respectively: $173,426.00, $179,026.00, and $183,502.00.

18.  There are no qualifying factors under the Equal Pay act (seniority, merit, or otherwise) that justify the disparity in pay between the Plaintiffs and Dr.s Shrider and Nixon.

**KNOWN GENDER BIAS IN TEACHING EVALUATIONS USED BY DEFENDANT MIAMI UNIVERSITY FURTHER EXACERBATES PAY DIFFERENTIAL**

19.  In addition to comparing favorably to their male comparators in the criteria used above, Plaintiffs have also been unfairly penalized by Miami using a teacher evaluation system that is biased in favor of the male instructors.

20.  Upon information and belief, Miami University has studied and is aware of the inherently biased evaluation system which skews pay in the direction of males, but has made no adjustment for such bias.  While, even without such bias, Plaintiffs are substantially underpaid as contrasted with their male comparators, once such bias is considered, the pay differential is exacerbated even further.

**AFTER FILING OF COMPLAINT, MIAMI UNIVERSITY MAKES  A MINOR CORRECTION TO PAY BUT FAILS TO FULLY RESTORE BACK PAY**

21.  After receipt of the Complaint in this action, Defendant Miami University has increased the pay of Yvette Harman to $183,502.00, but only retroactive to July, 2015.

22.  After receipt of the Complaint in this action, Defendant Miami University has increased the pay of Kelly Brunarski to $183,502.00, but only retroactive to July, 2015.

23.  The pay is still not comparable to male comparators, and Miami has not paid proper

4

retroactive pay to solve the inequities.

## COUNT I – GENDER DISCRIMINATION IN PAYMENT OF WAGES IN VIOLATION OF THE EQUAL PAY ACT, 29 USC 206(d)(1)

24. Plaintiffs reallege all the foregoing paragraphs as if fully rewritten herein.

25. Defendant Miami University has engaged in gender discrimination against the female Plaintiffs, by paying them smaller wages than the wages of a male comparator, working in the same department, on jobs the performance of which require equal skill, effort, and ability, such disparity not based on merit, seniority, or other permissible factors.

26. Because the discrimination has been willful, Plaintiffs are entitled to their back pay in an amount that is equal to the discrepancy in pay for the past three years, as well as their costs and reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, having fully pleaded their cause, Professors Kelly Brunarski and Yvette Harman pray that this honorable Court award them from Defendant Miami University an amount of compensatory damages to be determined in excess of $250,000.00 each, for their suffering, emotional distress, back pay, liquidated damages, their attorney fees and costs in this action, punitive damages sufficient to deter such action in the future, and any and all such other relief as this court or a jury may direct.

Respectfully submitted,

*/s/ Robert F. Croskery*
Robert F. Croskery (0064802)
Trial Attorney for Plaintiffs
Croskery Law Offices
810 Sycamore St., 2nd Floor
Cincinnati, OH 45202
Phone: (513) 232-LAWS (5297)
Fax: (513) 338-1992
rcroskery@croskerylaw.com

Of Counsel:
Croskery Law Offices
Melinda E. Knisley (002662)
810 Sycamore St., 2nd Floor
Cincinnati, OH 45202
Phone:  (513) 232-LAWS (5297)
Fax: (513) 338-1992

## JURY DEMAND

Plaintiff hereby demands trial by a jury of eight to hear the within cause.

*/s/ Robert F. Croskery*
Robert F. Croskery (0064802)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was placed upon the Court's electronic server for service to the appropriate parties on the date electronically stamped hereon.

*/s/ Robert F. Croskery*
Robert F. Croskery (0064802)