UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KELLY BRUNARSKI, | Civil Action No. 1:16-cv-311 |
| Plaintiff, | Dlott, J. |
| | Bowman, M.J |
| vs. | |
| MIAMI UNIVERSITY | |
| Defendants. | |

### ORDER

This civil action is now before the court on Defendant's motion to set a reasonable expert witness fee for the discovery deposition of Plaintiff's expert witness, Phillip Start (Doc. 36) and the parties' responsive memoranda. (Docs. 37, 38, 39).

**I. Facts and Background**

Plaintiffs' complaint alleges that Miami University violated the Equal Pay Act. Plaintiffs, who are professors in the Farmer College of Business at Miami University, claim they are compensated less than their male colleagues because of their gender. Plaintiffs have identified Philip Stark, Ph.D, as their expert witness with respect to this case. Dr. Stark is a professor at the University of California, Berkeley, and has provided an opinion regarding the student teaching evaluations utilized by Miami University in evaluating teacher performance. Dr. Stark claims that the student teacher evaluations are biased against women and minorities.

Defendant Miami has requested to take Dr. Stark's deposition and counsel for Miami will be traveling to California to do so. The deposition has been set for March 14, 2017, in Berkeley, California. Dr. Stark is requesting $1,500.00 per hour for his

deposition time. Defense counsel offered to pay a reasonable fee for Dr. Stark's deposition time -- $500 per hour. That offer was refused by Dr. Stark. Defendant now moves for an Order from this Court to set a reasonable expert fee.  For the reasons set forth below, the undersigned agrees that this fee is not reasonable and must be reduced by the Court.

**II. Analysis**

Rule 26(b) (4)(E)(i) states that "[u]nless manifest injustice would result," a party must pay an expert a "reasonable fee" for a deposition. *Anderson v. Jas Carriers, Inc.*, No. 1:12-CV-280, 2013 WL 991902, at *1–2 (S.D. Ohio Mar. 13, 2013).  The issue of what constitutes a "reasonable fee" has been extensively litigated throughout the country, perhaps most frequently in the context of treating physicians. In the Sixth Circuit and elsewhere, federal case law reflects widespread judicial criticism of blatant attempts to gouge opposing parties with steep fees, and an activist approach in reducing fees deemed to be exorbitant. Most recently in *Burgess v. Fischer,* 283 F.R.D. 372 (S.D.Ohio 2012), another court in this district issued a published decision determining that $360.00 per hour was a reasonable rate for the deposition of an expert whose credentials included both an "M.D." and a "Ph.D." *See also Alvarado v. Oakland County,* 2011 WL 282683 (E.D. Mich. Jan 26, 2011); *Weimer v. Honda of Amercia, Mfg., Inc.,* 2008 WL 5142418 (S.D.Ohio Dec.5, 2008); *Bell v. City of Hudson,* 2006 WL 1473209 (N.D.Ohio May 22, 2006); *Norman v. City of Lorain,* 2006 WL 5249724 (N.D.Ohio Nov.16, 2006); *Delbrugge v. State Farm Mut. Auto. Ins. Co.,* 2001 WL 1842317 (S.D.Ohio May 7, 2001).

2

Under this body of case law, a "reasonable" expert fee is not automatically equal to the "prevailing market rate." *See e.g., Magee v. The Paul Revere Life Insurance Co.,* 172 F.R.D. 627, 646 (E.D.N.Y.1997) (holding that the rule "requires that an expert receive a 'reasonable' fee, and not necessarily one justified under current market conditions."). Instead, courts called to determine a "reasonable" expert fee will consider the prevailing rate for a comparable, available expert as one of a multitude of factors, including: (1) the witness's area of expertise; (2) the education and training required for the opinion sought; (3) the nature, quality and complexity of the discovery responses provided; (4) the fee being charged to those who retained the expert; and (5) fees traditionally charged on related matters. The list of factors that may be relevant can vary from case to case. *See Jochims v. Isuzu Motors, Ltd.,* 141 F.R.D. 493, 495 (S.D.Iowa 1992).

Here, Plaintiffs contend that Dr. Stark is "arguably the single most expert person on this [the utilization of student/teacher evaluations] in America." (Doc. 37).  Plaintiff notes that a review of Dr. Stark's resume reveals that he is one of the main authors in the main article on student teacher evaluations and sexual harassment.  *See Teaching Evaluations (mostly) Do Not Measure Teaching Effectiveness. Evaluating Evaluations, Part 1: Do Student Evaluations Measure Teaching Effectiveness? What Evaluations Measure, Part 2: What Exactly Do Student Evaluations Measure? and Student Evaluations Of Teaching Are Not Only Unreliable, They Are Significantly Biased Against Female Instructors.* Thus, Plaintiffs' respectfully contend that, on the West Coast, a reasonable expert witness fee for Dr. Stark is $1500.00 per hour.

3

Notably, "the burden of proving the reasonableness of an expert's fees lies with the party seeking reimbursement," in this case the Plaintiffs. *Fiber Optic Designs, Inc. v. New England Pottery,LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009); *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, 873 F. Supp. 2d 939, 957 (N.D. Ill. 2012); *Clossin v. Norfolk S. Ry. Co.*, Case No. 3:13-01 (W.D. Pa. Jul. 8, 2014). Defendant contends that Plaintiff has failed to meet this burden, by failing to present anything but unsupported conclusory statements in support of their claim that a fee of $1,500 per hour for deposition time is reasonable. The undersigned agrees.

In this regard, Defendant provided the Court with a national expert witness fee survey which demonstrates that the average hourly fee for non-medical experts is $319 for deposition time. (Doc. 36, Ex. B).  Moreover, Defendant is also incurring significant travel expenses to travel to California for Dr. Stark's deposition.  The undersigned also recognizes that Mr. Stark has received the requested $1500.00 per hour fee in other cases, including one in this county for trial testimony.  However, bearing in mind the principle that an "expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert," the court determines that the reasonable rate must lie between the amount Dr. Stark seeks to recoup and the amount Defendant has offered to pay. See *Smith v. City of Chicago*, No. 12 CV 4546, 2013 WL 5609332, at *3 (N.D. Ill. Oct. 11, 2013).  Applying this formula, the undersigned concludes that Dr. Stark should be compelled to sit for his deposition at a rate of **$750 per hour**. *See Profile Prods.,* 155 F.Supp.2d at 886–87 (court exercised discretion to set reasonable expert rate).

4

### IV. Conclusion

For the foregoing reasons, Defendant's motion to set a reasonable expert witness fee (Doc. 36) is granted to the extent that Dr. Stark is **ORDERED** to sit for his deposition at a reasonable rate, which this court determines to be $750 per hour.[1]

**IT IS SO ORDERED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Should Dr. Stark still require his $1500 hourly fee despite this Court's Order, Plaintiffs will have to pay the difference.