# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KELLY BRUNARSKI, et al., | Civil Action No. 1:16-cv-311 |
| Plaintiffs, | Dlott, J. |
| vs. | Bowman, M.J |
| MIAMI UNIVERSITY, | |
| Defendant. | |

## ORDER

This civil action is now before the Court on Defendant's Motion to Set Reasonable Attorneys' Fee (Doc. 63), and Plaintiffs' responsive memorandum (Doc. 64). In the motion, Defendant asks the Court to set a reasonable attorneys' fee relating to Plaintiffs' filing of its motion to strike the affidavit of Timothy Krehbiel. Defendant's position is that the $5,590 fee requested by Plaintiffs should be reduced because the billing records (1) contain entries unrelated to the motion to strike; (2) contain block-billed entries that should be reduced by fifty percent; (3) include clerical tasks for which they may not be compensated; and (4) reflect an hourly rate beyond what Plaintiffs' counsel is charging their own client. Defendant requests a reasonable fee award in the range of $3,000.

**I.     Facts and Background**

Plaintiffs' complaint alleges that Miami University violated the Equal Pay Act. Plaintiffs, who are professors in the Farmer College of Business at Miami University, claim they are compensated less than their male colleagues because of their gender.

After discovery ended, Defendant filed a motion for summary judgment to which it attached an Affidavit from Timothy Krehbiel. Krehbiel's affidavit provided a concise explanation for the raises received by the two male colleagues who Plaintiffs assert are comparators in this case. Plaintiffs claimed that Defendant never disclosed Krehbiel as a witness with knowledge of how the salary disparity occurred. As such, Plaintiff filed a motion to strike the affidavit of Krehbiel.

Upon review, the Court found no basis to strike Krehbiel's affidavit on summary judgment, but declined to rule on whether Krehbiel could testify at trial. The Court indicated, however, that it was troubled that initial disclosures were not made by Defendant and that Krehbiel's name was not specifically listed as a witness. It therefore permitted Plaintiffs to depose Krehbiel prior to responding to Defendant's motion for summary judgment, and ordered Defendant to pay Plaintiffs' fees associated with the filing of their motion to strike and reply memorandum. (Doc. 61, PageId 1320-21).

By letter dated June 1, 2017, Plaintiffs' counsel requested that Defendant pay fees in the amount of $8,509 pursuant to the Court's order. (Doc. 63-1, PageId 1337). Although it is not clear precisely how that amount was calculated, the billing records included in the letter contain 36.1 hours of associate time at an hourly rate of $235 (10 of which were reduced to a paralegal rate of $90 per hour) and 6 hours of partner time at an hourly rate of $400. (*Id.*, PageId 1334-37).[1]

Defendant's counsel immediately responded to the fee request, indicating that it did not believe the fee to be reasonable because some matters billed were outside the scope of the Court's Order and many billing entries were in a form that did not allow for

---

[1] The total amount based on these hours, however, is greater than the $8,509 requested.

a determination of reasonableness of individual tasks. (Doc. 63-2, PageId 1338). Defendant offered to pay $2,500 in fees to Plaintiffs to satisfy the Court's Order. (*Id.*).

By letter dated June 23, 2017, Plaintiffs' counsel declined the $2,500 offer and requested a reduced fee of $5,590. (Doc. 63-3, PageId 1342). The fee amount included 10 hours of associate time billed at paralegal hourly rate of $90, 10 hours of associate time billed at the hourly rate of $235, and 5.85 hours of partner time at an hourly rate of $400. (*Id.*).[2]

Plaintiffs' counsel subsequently provided to Defendant the time slips containing the billing entries referenced in the June 21 and 23, 2017 letters. (Doc. 63-4, PageId 1343-49). These billing entries differed from those in the letters and reflected a paralegal hourly rate of $80, an associate hourly rate of $150, and a partner hourly rate of $350. (*Id.*).

Defendant now seeks an Order from this Court setting a reasonable fee to be paid to Plaintiffs, which it claims is in the range of $3,000. (Doc. 63). Plaintiffs, on the other hand, claim that their requested amount of $5,590 is a discounted amount that is reasonable and appropriate. (Doc. 64, PageId 1351-52).

## II. Analysis

The party seeking an award of attorneys' fees bears the burden of showing the requested award is reasonable in terms of both hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 F. App'x 323, 328 (6th Cir. 2008). "In the discovery sanctions context, this includes the burden of demonstrating the requisite causal relationship between the Rule

---

[2] The billing records included in the letter reflected 31 hours of associate time and 5.85 hours of partner time. (Doc. 63-3, PageId 1339-41).

37 violation and the activity for which fees are sought." *Crozin v. Crown Appraisal Group, Inc.*, No. 2:10-cv-581, 2012 WL 1186520, at *4 (S.D. Ohio Apr. 6, 2012). When submitting a fee request to a district court, counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Hours that are not properly billed to one's *client* also are not property billed to one's *adversary*[.]" *Id.* (emphasis in original; internal quotations omitted).

A district court has discretion in determining the amount of an attorneys' fee award. *Hensley*, 461 U.S. at 437. In setting a reasonable fee, the goal is "to do rough justice, not to achieve auditing perfection" such that the court may "take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "There is no precise rule or formula for making these determinations[.]" *Hensley*, 461 U.S. at 436.

Plaintiffs are seeking a total fee of $5,590, which is comprised of 10 hours of paralegal time at an hourly rate of $90, 10 hours of associate time at an hourly rate of $235, and 5.85 hours of partner time at an hourly rate of $400. Although this fee is discounted from the billing statements included in Plaintiffs' June 1 and June 23, 2017 letters, the Court finds that a further reduction of the fee is appropriate.

As an initial matter, Plaintiffs' counsel seeks compensation at an hourly rate that is higher than the hourly rate reflected in their time slips for the matter. Specifically, the letters contain the hourly rates of $90 (paralegal), $235 (associate), and $400 (partner), while the time slips reflect hourly rates of $80 (paralegal), $150 (associate), and $350

4

(partner).³  While Plaintiffs' counsel offers an explanation for the difference in rates, Plaintiffs' counsel has presented no evidence that would indicate that the higher hourly rates are reasonable in the market for each of the positions and for those with similar skill, experience, and reputation.  As Plaintiffs bear the burden of proving the rate requested is reasonable, the Court declines to apply the higher rate requested by Plaintiffs.  It instead finds that the lower rates of $80 for paralegal time, $150 for associate time, and $350 for partner time as reflected on the time slips are reasonable in this case.

For the partner's time, the Court finds it is appropriate to reduce the total hours from 5.85 to 3.55 for three reasons.  First, as Defendant pointed out, the 4/5/17 entry for "RFC" concerns .05 hours of discussing "case strategy" generally and does not reflect how it is directly related to preparation of the motion to strike.  As Plaintiffs' counsel has not demonstrated the causal relationship between the entry and the motion to strike, the Court will not allow any compensation for the same.

Second, the 4/6/17 entry for "RFC" reflects two separate tasks, only one of which is directly related to the motion to strike.  Due to the use of block billing without time apportionment, the Court is unable to discern how much time was spent on the relevant task.  It therefore will reduce the 1.3 hours billed for that task by fifty-percent.  *Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 707 F. Supp. 2d 737, 764-65 (N.D. Ohio 2010), *as corrected* (Apr. 13, 2010) (applying a fifty-percent reduction to account for inadequate billing information); *Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, at *9 (S.D. Ohio Mar. 14, 2013) (following *Saint-Gobain*

---

³ Although Plaintiffs have provided an affidavit that indicates the rates of the attorneys increased in February 2017, the time slips dated June 26, 2017, which were produced in conjunction with that affidavit, still reflect the lower hourly rates being billed for work in March and April 2017.

5

*Autover* and applying fifty-percent discount to total claimed hours when determining reasonable attorneys' fees)*, report and recommendation adopted at* 2013 WL 3367337 (S.D. Ohio July 5, 2013); *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1022 (N.D. Ohio 1997) (overall reduction for insufficient documentation).

Third, Plaintiffs' counsel includes a 4/18/17 billing entry for 1.6 hours of partner time in the June 23, 2017 letter but that same entry is not included in the time slips from Plaintiffs' counsel. (*Compare* Doc. 63-3, PageId 1341, 4/18/17 entry for RFC *with* Doc. 64-2, PageId 1360-61, 4/18/17 entries). As hours not billed to the client cannot be billed to the opposing party, this time will be excluded from the total fee award. *See Hensley*, 461 U.S. at 434.

With respect to the associate billing, there are grounds for an additional small reduction of the fee. The billing entries reflect various tasks that are either associated with services that are more appropriately assigned to a paralegal or unrelated to preparation of the motion to strike. *Gibson v. Scott,* No. 2:12-cv-1128, 2014 WL 661716, at *4 (S.D. Ohio Feb. 19, 2014) (reducing attorney's hourly rate for services that can be more properly handled by paraprofessional); *Crozin*, 2012 WL 1186520, at *4 (requiring a causal relationship between sanctionable conduct and activity for which fee is sought). The entries also are block billed and do not apportion time between tasks, which make it difficult to discern the reasonableness of the time spent on individual tasks. As just one example, a 4/9/17 billing entry reflects a review of deposition transcripts to determine if the name Krehbiel was mentioned, which should include the relatively simple task of reviewing the deposition's index for the word

6

Krehbiel and/or conducting a word search in the electronic transcript.[4] Due to the block billing, however, the Court is unable to determine the amount of time this particular task took and whether that time was reasonable under the circumstances. Courts have recognized that an across-the-board discount is appropriate in circumstances of inadequate billing. *Saint-Gobain Autover USA*, 707 F. Supp. 2d at 764-65; *Crim*, 2013 WL 1063476, at *9; *Cleveland Area Bd. of Realtors*, 965 F. Supp. at 1022. The Court recognizes, however, that Plaintiffs' counsel already has exercised its billing judgment to eliminate approximately 16 of the billed associate hours and to reduce the hourly rate for 10 of the billed associate hours. Although Plaintiffs' counsel fails to delineate which hours specifically have been eliminated or reduced, a review of the billing records indicate that the reduction is generally appropriate based on the amount and type of work performed in the preparation of the 18-page motion to strike and the 7-page response. As such, only a small additional reduction is appropriate.

Consistent with the foregoing, the Court finds that an award of $3,463 to Plaintiffs' counsel is reasonable.[5] This amount reflects an additional one-hour reduction of paralegal time for a total of 9 hours at the paralegal hourly rate of $80, 10 hours at the associate hourly rate of $150, and 3.55 hours of partner time at the hourly rate of $350.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion (Doc. 63) is **GRANTED** in part, Defendant is **ORDERED** to pay $3,463 in attorneys' fees to Plaintiffs' counsel, which is

---

[4] *Pirolozzi v. Stanbro*, No. 5:07-CV-798, 2009 WL 3624919, at *6 n. 7 (N.D. Ohio Oct. 29, 2009) (summarizing tasks commonly performed by paralegals).
[5] The amount has been rounded up to the nearest dollar.

the reasonable amount of fees associated with the filing of Plaintiffs' motion to strike and reply memorandum.

<u>*s/ Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge